HARTMAN UNDERHILL & BRUBAKER LLP
By: Rory O. Connaughton, Esquire
Attorney ID No. 78775
221 East Chestnut Street                          Attorneys for Defendants:
Lancaster, PA 17602-2782                          Nichia America Corporation
(717) 299-7254  Fax: (717) 299-3160              and Shigeo Kuboniwa

| | |
|---|---|
| TOMOKO FUNAYAMA, | : IN THE UNITED STATES DISTRICT COURT |
| Plaintiff | : EASTERN DISTRICT OF PENNSYLVANIA |
| | : |
| v. | : CIVIL ACTION No. 08-CV-5599 |
| | : |
| NICHIA AMERICA | : *(Assigned to Judge Lawrence F. Stengel)* |
| CORPORATION and | : |
| SHIGEO KUBONIWA, | : |
| Defendants | : |

## DEFENDANTS' ANSWER WITH AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S FIRST AMENDED COMPLAINT

1.    The allegations set forth in paragraph 1 of the Amended Complaint are denied as conclusions of law and are specifically denied for the reasons set forth in paragraphs 2 through 49 below and in Defendants' Affirmative Defenses. The Plaintiff was not subjected to any form of harassment, a hostile work environment or retaliation during her tenure with Nichia America Corporation (Nichia). She was not improperly denied a promotion, demoted or constructively discharged, nor was she subjected to any form of discrimination and she is not entitled to damages in any form, expenses, the reimbursement of fees and costs or any other form of relief.

2.    Denied as a conclusion of law.

3.    Denied as a conclusion of law.

4.    Admitted upon information and belief.

5.      Denied.  Nichia's Mountville, Pennsylvania facility has been consolidated with its Detroit facility and the Company is now headquartered in Michigan.

6.      Denied.  As a consequence of the relocation of Nichia headquarters to Michigan, Mr. Kuboniwa is now a resident of Michigan.

7.      Denied as a conclusion of law.

8-11.   Admitted.

12.     Denied as stated.  Mr. Ujike is no longer employed by Nichia.

13.     Denied.  It is specifically denied that the Plaintiff's job and Mr. Ujike's job were substantially equal with respect to skill, effort or responsibility.  It is also specifically denied that Plaintiff "partnered" with Mr. Ujike in the performance of his job duties and that the Plaintiff directly supervised the staff in the accounting department and performed all of Mr. Ujike's duties with the exceptions of inventory and accounts receivable/credit management.  Ms. Funayama worked in the department which was headed by Mr. Ujike.  It is denied that Mr. Ujike's compensation was "substantially" more than Plaintiff's compensation.  As general manager of the finance and accounting department, Mr. Ujike was compensated at a higher rate than Ms. Funayama as a consequence of the differences in their positions, job duties, education, training and experience.

14.     Admitted.

15.     Denied.  It is specifically denied that Mr. Kuboniwa made the alleged statement attributed to him in paragraph 15 of the Amended Complaint.  It is further denied that Mr. Kuboniwa had previously made such comments.

16.     Denied. It is specifically denied that Mr. Kuboniwa made the comment attributed to him.

17.     Denied. It is specifically denied that the Plaintiff was harassed in any manner while an employee of Nichia.

18.     Denied. It is specifically denied that Mr. Kuboniwa grabbed Plaintiff's breasts or forced a kiss on her. It is also specifically denied that Mr. Kuboniwa told Ms. Funayama that he wanted to come up to her apartment.

19.     Denied. Mr. Kuboniwa and Ms. Funayama did travel to Philadelphia. Two rooms were reserved. It is specifically denied that Mr. Kuboniwa suggested that he and the Plaintiff share a hotel room.

20.     Admitted in part and denied in part. Mr. Kuboniwa did loan a book to the Plaintiff. It was customary for Nichia's Japanese employees to share Japanese reading material. At no time did Mr. Kuboniwa provide the Plaintiff with pornographic material or material that was gratuitously sexually explicit or erotic. When Ms. Funayama discussed the book with Mr. Kuboniwa, it was apparent that she did not understand its substance and this was expressed by Mr. Kuboniwa.

21.     Denied as stated. During Mr. Kuboniwa's convalescence, Ms. Funayama did assist Mr. Kuboniwa by delivering medicine. At no time did Mr. Kuboniwa make any inappropriate suggestions or engage in any inappropriate conduct.

22.     Denied. It is specifically denied that Mr. Kuboniwa regularly asked Plaintiff if he could come to her apartment.

23.    Admitted in part and in denied in part. It is admitted that Mr. Tazaki was taken to the York Hooters restaurant for dinner. Ms. Funayama was not required to attend the dinner. The remaining allegations set forth in paragraph 23 of the Amended Complaint are denied.

24.    Denied. It is specifically denied that Mr. Kuboniwa groped Ms. Funayama's breasts or any other part of her body.

25.    Admitted in part and denied in part. Mr. Fujikura and Ms. Funayama did correspond by e-mail regarding Nichia's sexual harassment policy. It is denied that Mr. Fujikura used the phrase "a pretty woman who makes men horny." The phrase in question is accurately translated as, "a good looking woman who is favored by many men."

26.    Denied. After reasonable investigation, the Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegation that Mr. Kuboniwa gave Plaintiff a Japanese magazine to read. That allegation is, therefore, deemed to be denied and strict proof is demanded.

27.    Denied. It is denied that Mr. Kuboniwa berated or verbally attacked Plaintiff for including children in the company holiday event or that he behaved in a violent or aggressive manner. Children were not included in the event in question though Ms. Funayama did bring her two year old despite the fact that Nichia had arranged for child care services for its employees. The comments attributed to Mr. Kuboniwa in paragraph 27 of the Amended Complaint are also specifically denied. By way of further response, Mr. Kuboniwa did counsel Ms. Funayama on the propriety of bringing a two

year old to an adult event which included drinking, dancing and smoking when Nichia

specifically provided childcare services for use by Nichia employees. It is specifically

denied that all of the Detroit office's events were open to children.

28.    Admitted in part and denied in part. It is admitted that Ms. Funayama told

Mr. Ujike about her conversation with Mr. Kuboniwa. It is denied that Mr. Ujike refused

to take any action. No action was warranted. Mr. Ujike did allow Ms. Funayama time

off between 2:30 and 4:00 p.m. on the day they spoke.

29.    Denied as stated. Mr. Ujike advised Ms. Funayama that the self-assessment

evaluation was intended to measure work performance. Ms. Funayama's statement was

not related to specific work performance or accomplishments.

30.    Denied. It is denied that Mr. Kuboniwa told Plaintiff that her "salary was

maxed out." The remaining allegations in paragraph 30 of the Amended Complaint are

specifically denied.

31.    Denied as conclusions of law and for the reasons set forth in paragraphs 1

through 30 above.

32.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1

through 30 above. By way of further response, the Plaintiff was not subjected to any

form of harassment during her tenure with Nichia.

33.    Denied as a conclusion of law. The Plaintiff was not subjected to a hostile

work environment. With respect to the factual allegations set forth in paragraph 33 of the

Amended Complaint, after reasonable investigation, Defendants are without sufficient

knowledge or information to form a belief as to the truth of those allegations and they

are, therefore, deemed to be denied and strict proof is demanded. To the extent that the Plaintiff was suffering from stress and/or emotional problems, it is specifically denied that such arose out of any purported harassment, discrimination, retaliatory conduct or the conduct of Mr. Kuboniwa or any other Nichia employee.

34.     Denied. It is specifically denied that the Plaintiff complained to Ms. Masinos that Mr. Kuboniwa physically or verbally harassed her. It is also specifically denied that Ms. Masinos told Ms. Funayama that there was nothing she could do and that Ms. Funayama should look for a job with another company.

35.     Denied as stated. It is specifically denied that Ms. Funayama was told that her position would be given to Brian Marshall. At that time, no decision had been made with respect to Mr. Marshall's placement upon his relocation to Michigan, except that Mr. Marshall would carry on accounts receivable, credit management, inventory and sales entry as his core job functions.

36.     Denied. It is specifically denied that Mr. Kuboniwa stated that he and Mr. Fujikura did not want any Japanese in the Detroit accounting department.

37.     Denied. It is specifically denied that Mr. Marshall had only three years of accounting experience. Mr. Marshall was hired by the company on August 2, 2004. At the time in question, he had four years of accounting experience and possessed a BS in accounting from Lehigh University.

38.     Denied. As set forth in paragraphs 1 through 37 above, it is specifically denied that Ms. Funayama was subjected to any harassment, discrimination or retaliation.

It is also specifically denied that she was viewed "as a stereotypical Japanese female" or as submissive.

39.    Admitted in part and denied in part. Mr. Kuboniwa did participate in a discussion with the Plaintiff in which he asked if she was cold because the office was cold. It is admitted that the Plaintiff raised the issue of her weight with Mr. Kuboniwa. It is specifically denied that Mr. Kuboniwa advised the Plaintiff that she had the perfect body and that he believed that a woman was not sexy unless her body was like Mr. Funayama's.

40.    It is admitted that Ms. Funayama was requested to give Mr. Kuboniwa a lift to the automobile dealership to pick up his car. The remaining allegations in paragraph 40 are denied.

41.    Denied as a conclusion of law. Plaintiff's characterization of her position, work success and quality of performance is also specifically denied.

42.    Denied in that documents filed with the PHRC and EEOC speak for themselves. Nichia was notified of Ms. Funayama's filing on May 30, 2008.

43.    It is admitted that upon the resignation of Mr. Ujike, Ms. Funayama was offered an opportunity to relocate to Michigan. The precise details related to her position and duties were not defined at that time because the company was contemplating the structure of the reorganization and the scope of the Plaintiff's duties had not been determined.

44.    Denied as stated. At the time Ms. Funayama was offered the opportunity to relocate to Michigan, the details and specific scope of her anticipated duties had not been

defined. It was anticipated that Ms. Funayama would continue to hold some of the same areas of responsibility at the Michigan location as she had in Pennsylvania in addition to some of Mr. Ujike's duties.

45. Denied. It is specifically denied that Mr. Kuboniwa refused to meet with Ms. Funayama. To the contrary, a meeting with Ms. Funayama and Mr. Marshall was scheduled for June 25, 2008. Ms. Funayama insisted that Mr. Marshall not participate but her effort to cut Mr. Marshall out of the meeting was rejected by Mr. Kuboniwa. Mr. Kuboniwa and Mr. Ujike presented Ms. Funayama and Mr. Marshall with a proposed reorganization chart and structure. As anticipated, Ms. Funayama's duties for the position in Michigan were similar to her position in Lancaster, with additional responsibility for bank reconciliations (a duty formerly held by Mr. Ujike). It is denied that Mr. Marshall was elevated to Mr. Ujike's position or given responsibility for all of his job duties. The remaining allegations set forth in paragraph 45 of the Complaint are denied.

46. Denied. After reasonable investigation, the Defendants are without knowledge or information sufficient to form a belief as to the remaining allegations in paragraph 46 of the Amended Complaint. Those allegations are deemed to be denied and strict proof is demanded. By way of further response, members of the staff at Nichia America's Detroit office did have reservations about Ms. Funayama as a consequence of her past behavior.

47. Admitted. By way of further response, neither Nichia nor Mr. Kuboniwa engaged in any retaliatory conduct upon the discovery that Ms. Funayama had filed a complaint. To the contrary, after filing her Complaint and following disclosure of the

Complaint to Nichia, Ms. Funayama was invited to move to Detroit as part of the relocation process.

48. Denied. It is specifically denied that Ms. Funayama was subjected to any discrimination, retaliation, harassment or otherwise inappropriate or unlawful treatment. It is also denied that Ms. Funayama felt that she had no other option but to resign her employment. Upon information and belief, Ms. Funayama resigned her employment for reasons unrelated to the allegations set forth in the Amended Complaint.

49. Denied as a conclusion of law.

## COUNT I

50. Paragraphs 1 through 49 above are incorporated by reference as though fully set forth herein.

51. Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above.

52. Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above.

53. Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count I of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT II

54.    Paragraphs 1 through 53 above are incorporated by reference as though fully set forth herein.

55.    Denied as a conclusion of law.

56.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

57.    Denied as a conclusion of law.

58.    Denied as a conclusion of law.

59.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count II of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT III

60.    Paragraphs 1 through 59 above are incorporated by reference as though fully set forth herein.

61.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

62.    Denied as a conclusion of law.

63.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

{00550433.1}                                    - 10 -

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count III of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT IV

64.    Paragraphs 1 through 63 above are incorporated by reference as though fully set forth herein.

65.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

66.    Denied as a conclusion of law.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count IV of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT V

67.    Paragraphs 1 through 66 above are incorporated by reference as though fully set forth herein.

68.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

69.    Denied as a conclusion of law.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count V of Plaintiff's Complaint be dismissed with prejudice

and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT VI

70.    Paragraphs 1 through 69 above are incorporated by reference as though fully set forth herein.

71.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

72.    Denied as a conclusion of law.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count VI of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT VII

73.    Paragraphs 1 through 72 above are incorporated by reference as though fully set forth herein.

74.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

75.    Denied as a conclusion of law.  By way of further response, to the extent that the Plaintiff has suffers from emotional distress, such distress arises from circumstances and events unrelated to her employment relationship with Nichia America Corporation.

{00550433.1}                                    - 12 -

76.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count VII of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

COUNT VIII

77.    Paragraphs 1 through 76 above are incorporated by reference as though fully set forth herein.

78.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

79.    Denied as a conclusion of law. By way of further response, to the extent that the Plaintiff has suffers from emotional distress, such distress arises from circumstances and events unrelated to her employment relationship with Nichia America Corporation.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count VIII of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

COUNT IX

80.    Paragraphs 1 through 79 above are incorporated by reference as though fully set forth herein.

81.    Denied as a conclusion of law.

82.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

83.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

84.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count IX of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

**COUNT X**

85.    Paragraphs 1 through 84 above are incorporated by reference as though fully set forth herein.

86.    Denied as a conclusion of law.

87.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

88.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count X of Plaintiff's Complaint be dismissed with prejudice

and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT XI

89.    Paragraphs 1 through 88 above are incorporated by reference as though fully set forth herein.

90.    Denied as a conclusion of law.

91.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

92.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count XI of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT XII

93.    Paragraphs 1 through 92 above are incorporated by reference as though fully set forth herein.

94.    Denied as a conclusion of law.

95.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

96.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

{00550433.1}                                         - 15 -

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count XII of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

### COUNT XIII

97.    Paragraphs 1 through 96 above are incorporated by reference as though fully set forth herein.

98.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

99.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

100.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

101.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

102.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count XIII of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT XIV

103.    Paragraphs 1 through 102 above are incorporated by reference as though fully set forth herein.

104.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

105.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

106.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

107.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count XIV of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## COUNT XV

108.    Paragraphs 1 through 107 above are incorporated by reference as though fully set forth herein.

109.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

110.    Denied as a conclusion of law and for the reasons set forth in paragraphs 1 through 49 above and in Defendants' Affirmative Defenses.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa, respectfully request that Count XV of Plaintiff's Complaint be dismissed with prejudice and that they be awarded costs of suit and such other relief as the Court deems appropriate under the circumstances.

## FIRST AFFIRMATIVE DEFENSE

The Plaintiff has failed to state a claim upon which relief can be granted and Nichia and Mr. Kuboniwa are entitled to the entry of judgment in their favor as a matter of law.

## SECOND AFFIRMATIVE DEFENSE

Nichia's initial decision not to offer the Plaintiff employment upon the consolidation of its Lancaster, Pennsylvania and Michigan offices was based on legitimate, non-discriminatory reasons which were not a pretext for any type of discrimination.

## THIRD AFFIRMATIVE DEFENSE

Subject to discovery, the Plaintiff has failed to assert her claims within the applicable statute of limitations and/or Plaintiff's claims are barred by the doctrine of laches.

## FOURTH AFFIRMATIVE DEFENSE

Subject to discovery, the Plaintiff has failed to satisfy all administrative prerequisites and conditions precedent to this action.

## FIFTH AFFIRMATIVE DEFENSE

Subject to discovery, the Plaintiff cannot prevail on some or all of her claims because of after discovered evidence of misconduct by Plaintiff during the course of her employment by Nichia.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims may be barred and/or limited by the doctrine of accord and satisfaction, release and/or waiver.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to equitable relief.

## EIGHTH AFFIRMATIVE DEFENSE

The Defendants have committed no act which entitles the Plaintiff to recover damages.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff may have failed to mitigate her damages, if any.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to reinstatement or front pay.

## ELEVENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to an award of liquidated damages in any amount.

## TWELTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to an award of back pay or lost fringe benefits.

### THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to an award of punitive damages and cannot establish

facts sufficient to support such an award.

### FOURTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is not entitled to the recovery of attorney's fees.

### FIFTEENTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims may be barred by the doctrine of *res judicata*.

### SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff is unable to establish the elements necessary to assert a *prima facie*

case for one or more of the specific causes of action asserted against the Defendants.

### SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff was not subjected to sexual harassment or a hostile work

environment as defined under federal or Pennsylvania law.

### EIGHTEENTH AFFIRMATIVE DEFENSE

To the extent that Plaintiff was harassed, such being specifically denied, such

harassment was not persistent and/or pervasive nor did it subject the Plaintiff to a hostile

work environment.

### NINETEENTH AFFIRMATIVE DEFENSE

At no time did the Defendants retaliate against the Plaintiff in any way for

engaging in protected activity.  To the contrary, when a position became available upon

the resignation of Mr. Ujike, continued employment was offered to the Plaintiff despite

the Defendants' knowledge that Ms. Funayama had engaged in protected activity by filing complaints with the EEOC and PHRC.

## TWENTIETH AFFIRMATIVE DEFENSE

The Defendants have, at all times, acted in good faith.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Plaintiff's demand for the imposition of damages for emotional distress, humiliation, pain and suffering may be pre-empted by the exclusivity provisions of the *Pennsylvania Workers' Compensation Act* and are not properly before this Court.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

To the extent that the Plaintiff suffers from emotional distress, humiliation and/or pain and suffering, such emotional distress is not a consequence of any act or omission of the Defendants and is believed to arise from factors unrelated to her employment relationship with Nichia.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

The Plaintiff was not demoted and did not suffer an adverse employment action in conjunction with the Ujike resignation and the reassignment of his duties or in connection with those duties which it was anticipated Ms. Funayama would assume in Detroit.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Subject to discovery, the Plaintiff's decision to resign her employment with Nichia was unrelated to any act or omission by the Defendants.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Upon information and belief, the Plaintiff had determined to resign her employment with Nichia prior to June 25, 2008, and there is no causal connection between the Plaintiff's alleged demotion or any other conduct by the Defendants and Plaintiff's decision to resign her employment.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff is unable to establish facts sufficient to support her claims under 42 U.S.C. §1981; *Title VII of the Civil Rights Act of 1964*, as amended by the *Civil Rights Act of 1991*; the *Pennsylvania Human Relations Act;* the *Age Discrimination in Employment Act* or common law and the Defendants are entitled to a judgment in their favor as a matter of law.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

There is no connection between the Plaintiff's exercise of any legal rights and any employment decision made with respect to the Plaintiff by the Defendants.

### TWENTY-EIGHT AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's claims may be barred by the doctrine of estoppel.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

The Plaintiff is unable to establish the *prima facie* elements of any of her causes of action because she cannot demonstrate a causal link between her membership in a protected class and any adverse employment action.

### THIRTIETH AFFIRMATIVE DEFENSE

The Plaintiff was not demoted or subject to any other adverse employment action following Nichia's decision to offer her employment in Michigan following the consolidation of the company's operations there.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

At no time was the Plaintiff subjected to national original discrimination.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

At no time was the Plaintiff subjected to gender based discrimination.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

At no time was the Plaintiff subjected to race based discrimination.

### THIRTY-FOUTH AFFIRMATIVE DEFENSE

At no time was the Plaintiff subjected to age based discrimination.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

To the extent that Ms. Funayama was a participant in conversations which were deemed to have been inappropriate, those conversations were initiated by Ms. Funayama.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

To the extent that Ms. Funayama was in possession of material which was erotic. sexually explicit or otherwise inappropriate, such material was owned by Ms. Funayama and brought to the office by her.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Ms. Funayama was aware of the anti-discrimination and sexual harassment policies maintained by Nichia and at no time did Ms. Funayama report a violation of either policy.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

At no time was Nichia aware of or should reasonably have been aware of any violation of the anti-discrimination and sexual harassment policy with regard to Ms. Funayama.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

The specific acts of harassment and unwanted touching alleged in the Amended Complaint, such being specifically denied, were not committed by any employee of Nichia while acting within the scope of his employment.

### FORTIETH AFFIRMATIVE DEFENSE

Ms. Funayama's position was not given to Brian Marshall.

### FORTY-FIRST AFFIRMATIVE DEFENSE

The decision not to elevate Ms. Funayama to Mr. Ujike's position upon his resignation was not based on her membership in any protected class, retaliation or any other illegitimate basis.

### FORTY-SECOND AFFIRMATIVE DEFENSE

There is no evidence or a pattern of pervasive, unwelcome or offensive conduct that substantially interfered with Plaintiff's ability to perform her job.

WHEREFORE, Defendants, Nichia America Corporation and Shigeo Kuboniwa respectfully request that the Plaintiffs' Amended Complaint be dismissed with prejudice, and that the Defendants be awarded costs of such other relief as the Court deems appropriate under the circumstances.

HARTMAN UNDERHILL & BRUBAKER LLP

Date: June 16, 2009

By: _____

Rory O. Connaughton, Esquire
Attorney I.D. No. 78775
Attorneys for Defendant,
Nichia America Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served the foregoing document upon the person

and in the manner indicated below:

Service via electronic and first class mail, addressed as follows:

> Ralph E. Lamar, IV, Esquire
> 1304 Lincoln Drive West
> Ambler, PA  19002
> (*ralph.lamar@verizon.net*)

HARTMAN UNDERHILL & BRUBAKER LLP

Date:  June 16, 2009                    By: _____

Rory O. Connaughton, Esquire
Attorney I.D. No. 78775
Attorneys for Defendants,
Nichia America Corporation and
Shigeo Kuboniwa

{00550433.1}                    - 28 -